# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THADDAEUS LOUIS TURNER,<br><br>Petitioner,<br><br>vs.<br><br>G. J. JANDA,<br><br>Respondent. | Case No.:12-cv-01439-LJO-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on August 10, 2012, in the United States District Court for the Central District of California. On August 28, 2012, the petition was transferred to this Court.

BACKGROUND

Petitioner is currently in state custody serving a sentence of life without the possibility of parole. Petitioner raises various challenges to his 1984 conviction for murder and robbery.

Petitioner has previously filed a petition for writ of habeas corpus in this Court on April 1, 1991, in case number 1:91-cv-00153-LJO (DP). In that petition, Petitioner challenged his conviction and death sentence. On August 4, 2009, the Court granted the petition on the ground

trial counsel rendered ineffective assistance at the penalty phase of his trial. (ECF No. 288.) The Court directed the State of California to vacate and set aside the death sentence, unless within 90 days of the entry of judgment, the State initiated proceedings to retry Petitioner's sentence. The State could, in the alternative, automatically re-sentence Petitioner to life without the possibility of parole. The State chose the latter option, and Petitioner was re-sentenced to life without the possibility of parole.

DISCUSSION

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." Harrington v. Richter, 131 S.Ct. 770, 783 (2011). Under AEDPA relief may be granted only if the state court adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), cert. denied, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

The instant petition for writ of habeas corpus is a successive petition. Although Petitioner's death sentence was vacated and he was resentenced to life without the possibility of parole, the instant challenge to the underlying state court conviction is successive.[1]

In Magwood v. Patterson, 130 S.Ct. 2788 (2000), the defendant was sentenced to death and challenged his sentence in an application for a writ of habeas corpus. Id. at 2791. The district court granted the writ as to his sentence and mandated that he either be released or resentenced. Id. The state trial court then "conducted a full resentencing and reviewed the aggravating evidence afresh" and again sentenced him to death. Id. at 2801. Magwood filed another application for writ of habeas corpus in the federal court challenging the new sentence, and the Eleventh Circuit held the challenge was a "second or successive" challenge under § 2244(b). Id. at 2791-2792. The Supreme Court held that "because Magwood's habeas application challenge[d] a new judgment for the first time, it [was] not 'second or successive' under § 2244(b)." Id. at 2792. The Supreme Court noted the new "'judgment and sentence

[1] In United States v. Villa-Gonzalez, 208 F.3d 1160, 1163-1164 (9th Cir. 2000), the Ninth Circuit held that the AEDPA's provisions governing second or successive petitions apply to a new § 2254 petition filed after the date of the AEDPA's enactment, even if the original petition was filed before.

[was] the result of a complete and new assessment of all of the evidence, arguments of counsel, and law.'" Id. at 2801. The Magwood Court limited its ruling, however, to challenges relating to the new sentence and declined to address whether a petitioner may also challenge the undisturbed underlying conviction. Id. at 2803, fn16 (citing several Courts of Appeals which have held that a petitioner who succeeds on a first habeas application and is resentenced may challenge only the "portion of a judgment that arose as a result of a previous successful action." Lang v. United States, 474 F.3d 348, 351 (6th Cir. 2007); Walker v. Roth, 133 F.3d 454, 455 (7th Cir. 1997); Esposito v. United States, 135 F.3d 111, 113-114 (2d Cir. 1997).)

Because Petitioner has previously challenged his underlying conviction which was undisturbed and is now final, the instant challenge to the same conviction is successive. Since Petitioner did not present evidence of authorization by the Ninth Circuit to file a "second or successive" petition, this Court lacks jurisdiction to consider it. Accordingly, the instant petition for writ of habeas corpus must be dismissed. 28 U.S.C. § 2244 (b)(3)(A).

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DISMISSED;

2. The Clerk of Court be directed to terminate this action; and

3. The Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. at 484. In the present case, the Court does not find that jurists of reason would not find it debatable whether the petition was properly dismissed as successive under 28 U.S.C. § 2244(b)(3)(A). Petitioner has not made the required substantial showing of the denial of a constitutional right.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 9, 2012**

/s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE